## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Dennis Zegarra Rodriguez

February 9, 2016

Case Nos. (Crim.) 28191-00, 28191-01, 28480-00

By Judge Douglas L. Fleming, Jr.

This matter came before the Court on February 8, 2015, pursuant to the Motion To Suppress filed on behalf of the Defendant, Dennis Zegarra Rodriguez. The Court heard *ore tenus* testimony and the motion was argued by counsel. The Court took the matter under advisement and now issues its Opinion Letter and Order.

*Facts*

Mr. Rodriguez's Motion To Suppress alleges in pertinent part that:

1. Law enforcement officers arrived at 29 Southall Court, Sterling, Virginia 20165 ("the house") on May 31, 2014, to arrest him pursuant to a capias warrant. (*See* Motion To Suppress, Par. 8.)

2. That Jorge Antonio Angeles is the sole owner of the house. (*Id.*, Par. 11.)

3. When law enforcement arrived, Mr. Angeles' wife told the police that Mr. Rodriguez was not in the house and no longer lived at the house. (*Id.*, Par. 12, 13 and 41.)

4. Based on Mr. Rodriguez's no longer residing at the house, Mr. Angeles' wife refused to allow law enforcement to enter the house. (*Id.*, Par. 14.)

5. Despite refusal to allow entry, law enforcement officers entered the house. (*Id.*, Par. 18.)

At the suppression hearing, Mr. Angeles and his wife, Ms. Rodriguez (Mr. Rodriguez's mother) testified consistent with the statements in the Motion To Suppress. Mr. Angeles testified specifically that Mr. Rodriguez did not reside at the house on May 31, 2014. When Sheriff's Deputy Lowder knocked on the house door with the capias warrant in hand, Ms. Rodriguez testified "I told them he does not live here; he is not here."

Mr. Rodriguez ultimately was arrested inside the house when law enforcement officers entered the home over the protests of Ms. Rodriguez. Immediately after Mr. Rodriguez walked down from the attic and was taken Into custody, an officer performed a protective sweep of the attic. The officer testified that he saw contraband in the attic in plain view, then exited the attic. A short time later, a search warrant was obtained which ultimately resulted in items being seized from the attic. Mr. Rodriguez was later charged with two counts of possession of a schedule I/II controlled substance and one count of possession of a schedule I/II controlled substance with intent to distribute.

At the suppression hearing, both Mr. Angeles and Ms. Rodriguez testified that they did not know Mr. Rodriguez was in the house. Ms. Rodriguez surmised that Mr. Rodriguez may have gained entry to the house without their knowledge by using a key they had hidden outside the house for use by family members.

In his Motion To Suppress, Mr. Rodriguez argues (1) that law enforcement officers had no authority to enter Mr. Angeles' house to attempt to effectuate an arrest warrant naming Mr. Rodriguez; and (2) that law enforcement officers had no authority to access the house's third floor attic once Mr. Rodriguez was taken into custody. Mr. Rodriguez argues that both actions violated his constitutional rights and that either action standing alone, and certainly both actions taken together, should invalidate the subsequent seizures made by law enforcement. The Commonwealth argues (1) that law enforcement officers had authority to enter the house pursuant to a capias warrant naming Mr. Rodriguez and listing the house address; and (2) that checking the attic was a lawful protective sweep made necessary and reasonable by the non-compliance of Mr. Rodriguez and Ms. Rodriguez, the prior history of violence at the house, and the noise the officers heard in the attic as they reached the second floor.

*Analysis*

The Fourth Amendment draws a firm line at the entrance to one's home. *Payton v. New York,* 445 U.S. 573, 590, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980). "Absent exigent circumstances, that threshold may not be crossed without a warrant." *Id.* When police have an arrest warrant founded on probable cause, however, the warrant "carries with it the limited authority to enter a dwelling *in which the suspect lives* when there is reason to believe the suspect is within." *Id.* at 603 (emphasis supplied).

In this case, both sides conceded that police had a warrant for Mr. Rodriguez's arrest. Unquestionably, under *Payton*, officers would have had the authority to enter Mr. Rodriguez's residence to execute the arrest if they had reason to believe he was inside. Mr. Rodriguez argues, however, both in his Motion To Suppress and through the testimony of Mr. Angeles and Ms. Rodriguez, that he did not reside in Mr. Angeles' house on May 31, 2014. Thus, the central issue for this Court to decide is whether the police's entry into Mr. Angeles' house to execute an arrest warrant for Mr. Rodriguez violated Mr. Rodriguez's Fourth Amendment rights.

Mr. Rodriguez, through counsel, argues that law enforcement did not have reason to believe he resided in the house, and did not have reason to believe he was in the house. *See* Motion To Suppress, Par. 41. Mr. Rodriguez relies upon the *Payton v. New York*, 445 U.S 573, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980), and *Steagald v. United States*, 451 U.S. 204, 101 S. Ct. 1642, 68 L. Ed. 2d 38 (1981), line of authorities in making his argument. *See, e.g., Wallace v. King*, 626 F.2d 1157, 1161 (4th Cir. 1980) (cited by Defendant's counsel in oral argument).

Mr. Rodriguez's reliance on the above cases is flawed. The authorities cited by Mr. Rodriguez either involved constitutional claims by homeowners whose residences were searched by officers possessing an arrest warrant for another person, or constitutional challenges by arrestees whose dwellings were entered to effectuate their arrest. *See United States v. Willis*, 2010 U.S. Dist. LEXIS 103223 (E.D. Va. 2010). In this case, Mr. Rodriguez is challenging the search of a third party's residence. The *Payton* and *Steagald* holdings addressed the rights of persons who resided in the dwellings searched. Mr. Rodriguez's evidence and argument make it clear that he did not reside in the dwelling searched. In fact, the owner of the dwelling, Mr. Angeles, and his wife, Ms. Rodriguez, did not even know that Mr. Rodriguez was present in the dwelling's attic on May 31, 2014.

Mr. Rodriguez has failed to present any evidence establishing standing. "Fourth Amendment rights are personal rights which . . . may not be vicariously asserted." *Rakas v. Illinois*, 439 U.S. 128, 99 S. Ct. 421, 58 L. Ed. 2d 387 (1978). The United States Supreme Court has recognized that "The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *Rakas*, 439 U.S.128, 130, n. 1, 99 S. Ct. 421, 58 L. Ed. 2d 387; see also *United States v. Buckner*, 717 F.2d 297, 299-300 (6th Cir. 1983) ("[W]here the defendant is arrested in the home of a third party and is challenging the search of that home, the courts should first focus on the issue of standing. In the usual case, the defendant will not have had a legitimate expectation of privacy in the premises which were searched and therefore will be unable to challenge the search. The fact that the entry may have violated the constitutional rights of the third party homeowner would have no effect on the defendant's criminal conviction.") (quoted with

approval in *United States v. Willis, supra)*. Thus, Mr. Rodriguez's presence in the house on May 31, 2014, is of no moment. The evidence established that Mr. Rodriguez did not live in the house and that the lawful owner and occupants of the house, Mr. Angeles and Ms. Rodriguez, were unaware of Mr. Rodriguez's presence on May 31, 2014. As a non-resident of the house, *Payton* does not apply. As an uninvited occupant of the house on May 31, 2014, *Steagald* does not apply; the right recognized in *Steagald* belongs only to a third party homeowner who is not named in the arrest warrant. *See United States v. Kern,* 2008 U.S. Dist LEXIS 46531 (N.D. W. Va. 2008).

## Conclusion

Based on the evidence, Mr. Rodriguez does not have standing to assert the constitutional challenges set forth in his Motion To Suppress. Since Mr. Rodriguez lacks standing, it is unnecessary to address the "protective sweep" argument framed by counsel. For the reasons above stated, Mr. Rodriguez's Motion To Suppress is denied. It is so ordered.